UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-21888-CIV-ALTONAGA

**JOHN RAMOS**,

    Plaintiff,
vs.

**COUNTY OF MIAMI DADE**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants, Jose Lluis ("Luis"),[1] Dennis Lopez ("Lopez") and Radesh Maharaj's (Maharaj['s]") (collectively "Officer-Defendants[']") Motion to Dismiss First Amended Complaint ("Officers' Motion") [ECF No. 34], filed August 14, 2012; and Defendant, Miami-Dade County's ("County['s]") Motion to Dismiss First Amended Complaint ("County's Motion") [ECF No. 35], filed August 22, 2012. The Court has carefully considered the parties' written submissions and applicable law.

### I. BACKGROUND[2]

Plaintiff, John Ramos, brings his claims pursuant to 42 U.S.C. Section 1983. (*See* Am. Compl. [ECF No. 33]). He alleges his constitutional rights were violated when Luis, Lopez, and other individual Defendants, all officers of the Miami-Dade Police Department, entered an apartment where Plaintiff and his fiancée were tending to their personal matters, and removed the fiancée and her infant child from the apartment. (*See id.* ¶ 14). The officers then kept

---

[1] This Defendant spells his name "Lluis," while the pleading lists him as "Luis." The Court uses the spelling "Luis" throughout this Order.

[2] The allegations of the Amended Complaint are taken in the light most favorable to the Plaintiff.

CASE NO. 12-21888-CIV-ALTONAGA

Plaintiff in the apartment against his will, and began beating Plaintiff about his body. (*See id.*). Specifically, the officers "with great force, punched, kicked, beat and struck Plaintiff countless times including on his head, face, torso, and extremities for approximately 5-10 minutes," and "[w]ith excessive force, beat Plaintiff to the ground, and then placed handcuffs on Plaintiff so tight to cause Plaintiff extreme pain and discomfort." (*Id.* ¶¶ 14 a), b)).

While Plaintiff was being beaten, Maharaj stood by and did nothing to try to stop the relentless assault upon Plaintiff. (*See id.* ¶ 21 b)). Moreover, Maharaj aided and abetted the Officer-Defendants when Plaintiff remained outside the apartment, and prevented Plaintiff's fiancée from calling police and fire rescue. (*See id.* ¶¶ 5, 15, 16). Once Lopez, Luis, and the other named individual Defendants finished the beating, Lopez and/or Luis[3] removed Plaintiff's blood-soaked clothes from Plaintiff, exited the apartment, obtained a Hazmat bag from a Miami-Dade Fire Department official, placed the clothes in the bag, and disposed of it to conceal the evidence. (*See id.* ¶ 17).

The arrest, detention, and beating were accomplished by the Officer-Defendants while they acted under color of state law. (*See id.* ¶ 5). The Officer-Defendants "acting individually and part of the overall goals of the Defendants to violate Plaintiff's constitutional rights [sic]." (*Id.* ¶ 18). Lopez, Luis, and/or Maharaj caused Plaintiff to be transported to the county jail where he was detained, confined, and criminally charged with serious felony offenses. (*See id.* ¶ 19). The Officer-Defendants wrote false police reports, as at no time did Plaintiff take any action

---

[3] The Amended Complaint includes three other named officers, Defendants Jose Aragu, John Villar, and Anthony Rodriguez, in many of the alleged actions described. Because these three Defendants have not yet been served with process nor appeared, and the Motions do not address the sufficiency of the allegations concerning them, the Court's summary of Plaintiff's allegations omits further references to them.

CASE NO. 12-21888-CIV-ALTONAGA

that would cause Defendants to believe he was resisting arrest or committing any crime which required the use of force. (*See id.* ¶¶ 22, 24). Plaintiff "prevailed on the serious and bogus criminal charges brought by the Defendants by the State Prosecutor dismissing the criminal charges" brought against Plaintiff. (*Id.* ¶ 6).

Plaintiff now brings a seven-count Amended Complaint seeking an amount not less than $3,000,000.00 in damages. (*See id.* ¶ 25). According to its title, the First Claim for Relief is brought pursuant to section 1983 for false arrest by Lopez and Maharaj (*see id.* 7), although within the body of the First Claim for Relief Luis is included. The Second Claim for Relief is brought pursuant to section 1983 for a violation of the Fourth Amendment due to the use of excessive force by Lopez and Maharaj. (*See id.* 9). Again, Plaintiff omits reference to Luis in the title of the Second Claim but includes Luis in the body of the Claim. The Third Claim for Relief is for conspiracy by Lopez and Maharaj to commit a violation of section 1983, that is, the Fourth Amendment violation arising from the use of excessive force. (*See id.* 11). Luis is omitted from the title of the Third Claim but is included in the substance of the Claim for Relief. The Fourth Claim for Relief is for conspiracy by Lopez, Luis, and Maharaj to violate the Fourth Amendment by Plaintiff's illegal arrest. (*See id.* 13). The Fifth Claim for Relief is a "Pendant [sic] State Claim" of false arrest and false imprisonment against the County, Lopez, Luis, and Maharaj. (*Id.* 15–16). The Sixth Claim for Relief is a "Pendant [sic] State Claim," entitled "Alternative claim for Negligence," stated against the County. (*Id.* 17–18). The Seventh Claim for Relief is a "Pendant [sic] State Claims [sic]" for assault and battery against Lopez and Luis. (*Id.* 18).

The Officer-Defendants request dismissal of the First, Second, Fourth, Fifth, and Seventh

CASE NO. 12-21888-CIV-ALTONAGA

Claims because they fail to specify what each Defendant did. (*See* Officers' Mot. 2[4]). They seek dismissal of the Fifth Claim of false arrest as "[t]here was only one arresting officer and one officer who signed the reports and affidavit [sic] not all the individual defendants." (*Id.*). Lastly, they maintain the Third and Fourth Claims of conspiracy should be dismissed on the basis of the "doctrine of intracorporate conspiracy." (*Id.*). For its part, the County seeks a dismissal of the false arrest claim stated in the Fifth Claim for Relief on the basis of the County's statutory immunity under Section 768.28 of the Florida Statutes. (*See* County's Mot. 1). And as to the Sixth Claim of negligence, the County maintains that should be dismissed as entirely conclusory and because it is barred by the County's sovereign immunity. (*See id.*).

## II. STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at

---

[4] The Court uses the pagination supplied by the CM/ECF system as the Officer-Defendants did not number the pages in their Motion or Reply.

1949 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### III. ANALYSIS

#### A. The Officer-Defendants' Motion

The Officer-Defendants seek dismissal of the Amended Complaint for three reasons: (1) the claims asserted in the First, Second, Fourth, Fifth, and Seventh Claims for Relief fail to contain factual allegations showing what each of the individual Officer-Defendants did to Plaintiff; (2) all claims for false arrest must be dismissed as "[t]here was only one arresting officer and one officer who signed the reports and affidavit [sic] not all the individual defendants," and the claims lack specificity as they do not state what Plaintiff was arrested for or what was the falsification supplied (Officers' Mot. 2); and (3) the conspiracy claims in the Third and Fourth Claims must be dismissed on the basis of the intracorporate conspiracy doctrine. (*See id.* 2). These arguments are addressed below.

##### 1. Sufficiency of the Allegations Against the Officer-Defendants

The Officer-Defendants complain that because the Amended Complaint does not specify what exactly each individual Defendant did to Plaintiff during the course of his illegal detention and beating, it fails to give them adequate notice and the opportunity to seek a dismissal on the basis of qualified immunity. Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts

must determine whether the complaint gives fair notice to each defendant. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997), "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "Accordingly, at times, a plaintiff's 'grouping' of defendants in a complaint may require a more definite statement. *George & Co. v. Alibaba.com, Inc.*, No. 2:10-cv-719-FtM-29DNF, 2011 WL 6181940, at *2 (M.D. Fla. Dec. 13, 2011) (citations omitted). Indeed, a complaint that "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct" fails to satisfy Rule 8. *Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006); *see also DeSisto Coll., Inc. v. Line*, 888 F.2d 755, 764 (11th Cir. 1989) (affirming the district court's decision to sanction plaintiff's counsel when the plaintiff's third amended complaint did not comply with the district court's order requiring the plaintiff to separate the counts for the defendants' actions taken in their individual capacity from those taken in their official capacity); *Appalachian Enters., Inc. v. ePayment Solutions, Ltd.*, No. 01 CV 11502(GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004) (dismissing complaint that did "not identify any particular defendant that committed any specific act of wrongdoing against plaintiff" because the complaint "simply attribute[d] the wrongful acts as being committed collectively by the seventeen defendants").

To resolve the Officer-Defendants' first contention, then, the Court must determine whether the pleading here satisfies Rule 8 or requires a "more definite statement." *George*, 2011 WL 6181940, at *2. The Court generally observes that the Officer-Defendants' characterization

of the Amended Complaint is accurate — Plaintiff alleges claims against the Officer-Defendants without specifying factual allegations as to each defendant except as to Maharaj, for whom specificity is provided. Nevertheless, the Amended Complaint, fairly read, gives notice to Luis and Lopez that both of them caused Plaintiff to be detained and beaten without legal justification (*see* Am. Compl. ¶ 21 a)); both "punched, kicked, beat and struck Plaintiff countless times on his head, face, torso, and extremities" (*id.* ¶ 21 b)); and both wrote false reports stating Plainitff had committed felony crimes (*see id.* ¶ 22). This manner of pleading creates no ambiguities and is permitted. As to Maharaj, the Amended Complaint clearly states that officer stood by and did nothing to try to cause the other officers to cease their relentless assault upon Plaintiff. (*See id.* ¶ 21 b)).

The pleading satisfies *Iqbal* and *Twombly*, and the Officer-Defendants have been provided adequate notice of Plaintiff's claims and what it is each one did.

### 2.  Sufficiency of the False Arrest Claims

The Officer-Defendants' issue with the false arrest claims is hard to decipher from their memoranda. In their Motion, the Officer-Defendants challenge the false arrest claims because only one arresting officer and one officer signed the reports. (*See* Officers' Mot. 2). This is clearly an impermissible argument given that the scope of review on a motion to dismiss is "limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (citation omitted). After putting this argument to the side, what remains of the Officer-Defendants' issue with the false arrest claims is the same argument about lack of specificity already found to be unpersuasive.

### 3. Sufficiency of the Conspiracy Claims

To state a section 1983 claim for conspiracy to violate constitutional rights, a plaintiff must allege "a conspiracy existed that resulted in the actual denial of some underlying constitutional right. . . . The plaintiff attempting to prove such a conspiracy must show that the parties reached an understanding to deny the plaintiff his or her rights." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010) (internal quotation marks and citations omitted). Here, Plaintiff alleges the existence of an agreement between the named Officer-Defendants to violate Plaintiff's constitutional right under the Fourth Amendment to be free of excessive force (Third Claim for Relief) and to be free from unlawful arrest (Fourth Claim for Relief).

Nevertheless, the Officer-Defendants challenge the Third and Fourth Claims for relief on the basis that those claims are barred by the intracorporate conspiracy doctrine, which "holds that a corporation cannot conspire with its employees and corporate employees can not [sic] conspire among themselves when acting in the scope of their employment." (Officers' Mot. 5). All Officer-Defendants are employed by the County, and consequently they insist the intracorporate conspiracy doctrine bars these claims. On the surface the argument has some appeal, as "[u]nder the doctrine of intracorporate conspiracy, 'a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves' because a corporation and its employees are considered to be 'a single legal actor.' The intracorporate conspiracy doctrine also applies to public, governmental entities." *Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 891 (11th Cir. 2007) (citations omitted). And yet, while this is true, courts recognize exceptions to the intracorporate conspiracy doctrine, noting,

CASE NO. 12-21888-CIV-ALTONAGA

for example, that where agents act far outside the course of employment, it may be possible for them to form a conspiracy, *see Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 841 (6th Cir. 1994); and refusing to shield corporate employees and corporations accused of criminal conspiracies, *see Aque v. Home Depot U.S.A., Inc.*, 629 F. Supp. 2d 1336, 1343 (N.D. Ga. 2009). The parties do not address these exceptions in their briefing, but the Court finds them applicable to the present facts and that the exceptions compel a denial of the Officer-Defendants' Motion addressing the Third and Fourth Claims for Relief.

**B. The County's Motion**

Plaintiff has named the County as a defendant in his Fifth Claim for Relief (false arrest) and Sixth Claim for Relief (negligent training). The County asserts it enjoys sovereign immunity from suit as to the false arrest claim because the claim is based upon the bad faith actions of County police officers taken outside the scope of their employment. (*See* County's Mot. 4–6 (citing FLA. STAT. § 768.28(9)(a); *Moore v. Miami-Dade Cnty.*, 502 F. Supp. 2d 1224, 1235 (S.D. Fla. 2007); *Sanchez v. Miami-Dade Cnty.*, No. 06-21717-Civ, 2007 WL 1746190 (S.D. Fla. Mar. 28, 2007)). Plaintiff does not address this well-established bar to his claim against the County in his Response [ECF No. 41]. Accordingly, the Fifth Claim is dismissed.

As to the Sixth Claim for Relief regarding the County's negligent training of its officers, the County complains that Plaintiff fails to include any factual matter supporting the claim, instead merely repeating the formulaic legal conclusions supporting such claim. The Court agrees that the Amended Complaint fails to reveal what actions or omissions the County is responsible for in its training of the Officer-Defendants. In his Response, Plaintiff appears to concede this point, and asks for leave to amend to include the necessary factual matter. (*See*

CASE NO.  12-21888-CIV-ALTONAGA

Resp. 8 ("While Plaintiff submits his claims are marginally sufficient to pass this stage of the proceeding, to the extent this Court determines the complaint is legally or factually deficient . . . Plaintiff requests this Court to allow Plaintiff to amend . . . .")).  The Sixth Claim for Relief does not contain sufficient factual matter allowing the Court to draw the reasonable inference that the County is liable for the misconduct alleged, and consequently, Plaintiff shall have one final opportunity to re-state this claim.

## IV.  CONCLUSION

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants, Jose Luis, Dennis Lopez, and Radesh Maharaj's Motion to Dismiss First Amended Complaint **[ECF No. 34]** is **DENIED**.  Defendant, Miami-Dade County's Motion to Dismiss First Amended Complaint **[ECF No. 35]** is **GRANTED**.  The Fifth Claim for Relief against the County is dismissed with prejudice; Plaintiff shall have until **September 19, 2012** to file a second amended complaint re-alleging the Sixth Claim for Relief against the County.

**DONE AND ORDERED** in Miami, Florida, this 10th day of September, 2012.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

10